XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
JEFFREY A. RICH
Deputy Attorney General
State Bar No. 108589
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-6043
Fax: (916) 324-8835
E-mail: Jeffrey.Rich@doj.ca.gov
*Attorneys for André Schoorl in his Official Capacity Only as the Acting Director of the State of California Department of Industrial Relations and David M. Lanier in His Official Capacity Only as the Secretary of the California Labor and Workforce Development Agency*[1]

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ontario Food & Beverage, LLC,**<br><br>Plaintiff,<br><br>**v.**<br><br>**André Schoorl in his Official Capacity only as the Acting Director of the State of California Department of Industrial Relations, David M. Lanier in his Official Capacity only as the Secretary of the California Labor & Workforce Development Agency, Nick Maduros in his Official Capacity only as the Director of the California Department of Tax and Fee Administration, and Jacob Appelsmith in his Official Capacity only as the Director of the California Department of Alcoholic Beverage Control,**<br><br>Defendants. | 5:18-cv-00753<br><br>[Assigned to Honorable S. James Otero]<br><br>**DEFENDANTS SCHOORL'S AND LANIER'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE COMPLAINT**<br><br>Date: July 9, 2018<br>Time: 10:00<br>Courtroom: 10 C |

[1] Christine Baker resigned as Director of the State of California Department of Industrial Relations in March 2018. André Schoorl is now the Acting Director. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, André Schoorl is automatically substituted as a defendant in this matter in place of his predecessor, Christine Baker.

## TABLE OF CONTENTS


**Page**

INTRODUCTION ........ 1

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION ........ 2

ARGUMENT ........ 2

I. Because Plaintiff Has Not Adequately Alleged That the Ex Parte Young Doctrine Applies to Its Claim Against Defendants It Is Barred by Eleventh Amendment Immunity ........ 2

II. Plaintiff's Declaratory Relief Claim Is Not Justiciable Because Plaintiff Has Failed to Allege That It Faces a Realistic Danger of Sustaining a Direct Injury ........ 2

A. Plaintiff Has Only Alleged an Imagined Fear of Defendants' Enforcement of § 350(e) ........ 2

B. Plaintiff's Alleged Imagined Injury Does Not Give Rise to a Ripe Claim ........ 3

C. Plaintiff's Failure to Allege There Is a Genuine Threat of Imminent Enforcement of § 350(e) by Defendants Means That Plaintiff Lacks Standing ........ 4

III. Plaintiff's Opposition Does Not Cure the Facial Defects of Plaintiff's Constitutional Challenges to AB 2509 ........ 4

A. Plaintiff's Implied Preemption Theory Fails Because It Cannot Show There Is an Actual Conflict Regarding Its Compliance with Both AB 2509 and Federal Law ........ 5

B. Plaintiff's First Amendment Challenge Fails Because Compliance with AB 2509 Does Not Implicate Speech ........ 5

C. AB 2509 Is Not Impermissibly Vague ........ 6

CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**Page**

**CASES**


*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......... 5

*Babbitt v. United Farm Workers Nat. Union*
442 U.S. 289 (1979) .......... 3, 4

*Balistreri v. Pacifica Police Dept.*
901 F.2d 696 (9th Cir. 1990) .......... 4

*Long v. Van de Kamp*
961 F.2d 151 (9th Cir. 1992) . Dkt. 46-1 .......... 2

*Simon & Schuster, Inc. v. Members of N.Y. State Crime Victims Bd.*
502 U.S. 105 (1991) .......... 6


**STATUTES**


Labor Code
§ 350(e) .......... *passim*
§ 351 .......... 3


**COURT RULES**


Federal Rule of Civil Procedure
Rule 12(b) .......... 1
Rule 12(b)(6) .......... 4

André Schoorl, in his Official Capacity Only as the Acting Director of the State of California Department of Industrial Relations (Acting Director) and David M. Lanier in His Official Capacity Only as the Secretary of the California Labor and Workforce Development Agency (Secretary) (collectively, defendants) respectfully submit the following memorandum of points and authorities in reply to plaintiff's opposition to defendants' Rule 12(b) motion to dismiss the complaint.

## INTRODUCTION

Plaintiff's complaint should be dismissed because it is based solely on alleged manufactured hypothetical injuries that necessarily depend on untenable legal theories. These manufactured hypothetical injuries and untenable legal theories are necessary because plaintiff fails to allege that defendants have in any way threatened to enforce section 350(e) against plaintiff in any manner. Because of this pleading defect alone: (1) the *Ex Parte Young* exception to Eleventh Amendment immunity does not apply; (2) plaintiff lacks standing; and (3) plaintiff's claims are not ripe.

Not surprisingly, plaintiff's opposition has not overcome plaintiff's failure to allege a justiciable claim against defendants that is not barred by Eleventh Amendment immunity. Rather than offering complaint amendments to cure the complaint's facial defects, plaintiff's opposition inappropriately relies on inapposite authorities, mischaracterizations and extrinsic matters not subject to judicial notice.

That plaintiff is troubled by AB 2509 is clear. But plaintiff can take steps to avoid the alleged problems caused by AB 2509, including changing some of its business practices and seeking appropriate tax and other legal advice. Rather than taking any of these actions, plaintiff seeks an advisory opinion from this Court declaring AB 2509 unconstitutional.

Plaintiff's desired advisory opinion is improper and, therefore, defendants' motion to dismiss the complaint should be granted with prejudice.

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff filed a Renewed Motion for Preliminary Injunction (Dkt. 26) that was denied by the Court on June 13, 2018, on the basis that, among other things, plaintiff had not shown any likelihood of succeeding on the merits of its claims. Dkt. 48 at 3-8.

## ARGUMENT

### I. BECAUSE PLAINTIFF HAS NOT ADEQUATELY ALLEGED THAT THE *EX PARTE YOUNG* DOCTRINE APPLIES TO ITS CLAIM AGAINST DEFENDANTS IT IS BARRED BY ELEVENTH AMENDMENT IMMUNITY

As discussed in defendants' motion to dismiss, for *Ex parte Young* to apply, there must be a (1) connection between the official sued and enforcement of the allegedly unconstitutional statute; and (2) threat of enforcement. *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) ("Absent a real likelihood that the state official will employ his supervisory powers against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction"). Dkt. 46-1 at 11-12.

Plaintiff's opposition does not alter the fact that it has not alleged that defendants have threatened plaintiff with enforcement of California Labor Code § 350(e).[2] Indeed, plaintiff's opposition ignores this *Ex Parte Young* requirement. *See* Dkt. 49 at 16-17. Accordingly, plaintiff's declaratory relief claim against defendants is barred on its face by Eleventh Amendment immunity.

### II. PLAINTIFF'S DECLARATORY RELIEF CLAIM IS NOT JUSTICIABLE BECAUSE PLAINTIFF HAS FAILED TO ALLEGE THAT IT FACES A REALISTIC DANGER OF SUSTAINING A DIRECT INJURY

#### A. Plaintiff Has Only Alleged an Imagined Fear of Defendants' Enforcement of § 350(e)

Plaintiff has not alleged that there is a genuine threat of imminent enforcement of § 350(e) by defendants. Plaintiff's opposition does not establish otherwise.

[2] California Labor Code § 350(e) will hereinafter be referred to as "§ 350(e)" or "AB 2509."

Plaintiff's attempt to show that it is excepted from having to allege a genuine threat of imminent enforcement of § 350(e) fails because plaintiff relies on authorities in pre-enforcement cases where, unlike here, the plaintiff challenged the constitutionality of a statute with criminal penalty provisions. Dkt. 49 at 12-13. Section 350(e) contains no such provisions and, therefore, plaintiff's authorities are inapposite. E.g., *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 293 (1979) ("On the basis of past instances of enforcement of the Act and in light of the provision for imposition of criminal penalties for "violat[ion of] any provision" of the Act . . . the court determined that appellees' challenges were presently justiciable").

As discussed in defendants' motion to dismiss, plaintiff admits that it brought its action solely for the purpose of obtaining an advisory opinion from this Court concerning the Court's interpretation of AB 2509 relative to plaintiff's business practices: "*See* Dkt. 1, Compl. ¶¶ 70, 83 ('Plaintiff is *concerned* that such a transaction *may* constitute a violation of AB 2509, of Labor Code § 351, and of other California laws, including but not limited to [the California Private Attorneys General Act], and thus brings this suit to *clarify* the legality of such transactions') (italics added)." Dkt. 46-1 at 12.

At bottom, plaintiff has not alleged that it faces a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement. Plaintiff has only alleged imaginary and speculative injury. Plaintiff's inapt authorities do not alter that fact.

### B. Plaintiff's Alleged Imagined Injury Does Not Give Rise to a Ripe Claim

Plaintiff improperly relies on extrinsic evidence—the Declarations of Angie Swank and David Shindel—to argue that it has alleged facts establishing the ripeness of its claim. Dkt. 49 at 15-16. But, there are two problems with plaintiff's contentions. First, the Declarations of Angie Swank, David Shindel and Peter E.

Garrell are not properly before the Court for its consideration in ruling on defendants' motion to dismiss.[3] Second, in any event, plaintiff's purported tax compliance issues arise because of plaintiff's own business decisions and, what is more, plaintiff has not even alleged any actual threats of adverse actions by the Internal Revenue Service or any other governmental agencies.

Plaintiff has failed to allege a genuine threat of imminent enforcement of the challenged statute, § 350(e). Plaintiff's extrinsic evidence and convoluted theories concerning governmental agencies other than defendants and laws other than § 350(e) do not cure plaintiff's fatal pleading defect.

### C. Plaintiff's Failure to Allege There Is a Genuine Threat of Imminent Enforcement of § 350(e) by Defendants Means That Plaintiff Lacks Standing

As discussed above, plaintiff's reliance on *Babbitt*, 442 U.S. at 289 and the other case authorities concerning statutes with criminal penalty provisions is misplaced because the statute challenged here contains no criminal penalty provisions. Accordingly, plaintiff's contention that under *Babbitt* a justiciable controversy exists merely because defendants have not stated any intention to not enforce AB 2509 (Dkt. 49 at 13) is without merit.

Plaintiff's failure to allege facts establishing a genuine threat of imminent enforcement of § 350(e) is not remedied by any arguments plaintiff make in its opposition.

## III. Plaintiff's Opposition Does Not Cure the Facial Defects of Plaintiff's Constitutional Challenges to AB 2509

A dismissal under Rule 12(b)(6) is proper where, as here, there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient

---

[3] Defendants have submitted with their reply, objections to the Declarations of Angie Swank, David Shindel and Peter E. Garrell.

factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). As demonstrated below, this Court has determined that all of plaintiff's constitutional challenges to AB 2509 are implausible on their face.

### A. Plaintiff's Implied Preemption Theory Fails Because It Cannot Show There Is an Actual Conflict Regarding Its Compliance with Both AB 2509 and Federal Law

This Court, in its ruling denying plaintiff's motion for preliminary injunction, recognized the lack of merit of plaintiff's claim that there is an actual conflict with AB 2509 and the Internal Revenue Code: "Although Plaintiff's argument exclusively focuses on the physical impossibility of complying with both the Internal Revenue Code and § 350(e), the Court must examine whether the state law here impedes the full purposes and objectives of Congress. (Citation.) Section 350(e) does not impede the full purpose of the IRS in collecting the proper amount of tax revenue as the applicable state law only seeks to properly define which payments are deemed gratuities and which are service charges. Compliance with state law would allow for an employer to properly account for amounts that are tips and those that are revenue in filing reports to the IRS." Dkt. 48 at 5. This Court then observes that "in the event there was an actual conflict between the Internal Revenue Code and § 350(e), such a conflict is only hypothetical as Plaintiff offers no facts indicating that either the IRS or California regulatory authorities seek to enforce any of these laws against the Plaintiff." *Id*.

Plaintiff's allegation that an actual conflict exists between § 350(e) and the Internal Revenue Code is facially implausible and, accordingly, should again be rejected by this Court.

### B. Plaintiff's First Amendment Challenge Fails Because Compliance with AB 2509 Does Not Implicate Speech

This Court, in its ruling denying plaintiff's motion for preliminary injunction, recognized the lack of merit of plaintiff's claim that AB 2509 violates the First

Amendment: "Plaintiff offers no relevant case law in support for its proposition that Plaintiff's ability to earn a profit from constitutionally protected entertainment is also constitutionally protected. Instead, Plaintiff attempts to draw an analogy from this case with the Supreme Court's holding that state law prohibiting convicts from profiting from books about their criminal activity as unconstitutional. *Simon & Schuster, Inc. v. Members of N.Y. State Crime Victims Bd.*, 502 U.S. 105, 108 (1991). The Supreme Court was concerned that such a statute would in effect remove certain ideas from the marketplace. *Id*. at 116. There is no similar concern here. AB 2509 is not preventing Plaintiff from making a profit or collecting mandatory charge revenue but classifies a certain transaction." Dkt. 48 at 6-7.

As this Court has already concluded, plaintiff's contention that AB 2509 violates the First Amendment is legally untenable.

**C. AB 2509 Is Not Impermissibly Vague**

Finally, this Court has rejected plaintiff's contention that AB 2509 violates the Fourteenth Amendment because it is impermissibly vague due to its conflicts with other laws: "The purported conflict is centered on the difference between defining amounts left in excess of mandatory service charges as tips and those amounts directly left by patrons to dancers for services. However, it is clear that the second sentence is included to further define the first. A person of ordinary intelligence would be able to interpret that § 350(e) is merely classifying the patron-dancer transaction as a gratuity." Dkt. 48 at 7. This Court's ruling further states: "Plaintiff's remaining Fourteenth Amendment arguments parallel those made in support of their implied preemption claims as they focus on the existence of conflicts between § 350(e) and California tax laws. Similarly, these arguments fail for the same reasons as found in the Court's implied preemption analysis. The language of § 350(e) is unambiguous in its classification of gratuities. Therefore, categorizing transactions in accordance with state law will not result in noncompliance with federal law or California tax law. AB 2509 would serve as no

greater an impediment to federal law compliance as tips in excess of a service charge because state law defines each as one in the same." Dkt. 48 at 7.

For the reasons set forth in this Court's ruling denying plaintiff's motion for preliminary injunction, plaintiff has failed to allege that AB 2509 violates the Fourteenth Amendment because it is impermissibly vague.

## CONCLUSION

Accordingly, the Court should grant defendants' motion to dismiss the complaint in its entirety with prejudice.

Dated: June 25, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

*/s/ Jeffrey A. Rich*

JEFFREY A. RICH
Deputy Attorney General
*Attorneys for André Schoorl in His Official Capacity Only as the Director of the State of California Department of Industrial Relations and David M. Lanier in His Official Capacity Only as the Secretary of the California Labor and Workforce Development Agency*

SA2018101422
13134491.docx

# CERTIFICATE OF SERVICE

Case Name: **Ontario Food & Beverage, LLC v. Christine Baker, et al.** No. **5:18-cv-00753**

I hereby certify that on June 25, 2018, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS SCHOORL'S AND LANIER'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 25, 2018, at Sacramento, California.

| | |
|---|---|
| Tracie L. Campbell | ***/s/ Tracie Campbell*** |
| Declarant | Signature |

SA2018101422
13136507.docx